# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN VINCENT MACKOVICH,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES GOVERNMENT, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:06-cv-00422-OWW-SMS PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SEND BIVENS COMPLAINT FORM |

I.    Screening Order

    A.    Screening Requirement

Plaintiff John Vincent Mackovich ("plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action filed pursuant to the Federal Tort Claims Act. 28 U.S.C. § 1346(b). Plaintiff filed this action on April 12, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2  exceptions," none of which applies to this action. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512
3  (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain
4  statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such
5  a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
6  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only
7  if it is clear that no relief could be granted under any set of facts that could be proved consistent with
8  the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether
9  the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of
10 the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,
11 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also
12 Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the
13 opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.
14 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."
15 Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights
16 complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l
17 Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d
18 266, 268 (9th Cir. 1982)).

19       B.   Plaintiff's Claims

20       Plaintiff is an inmate in federal custody currently incarcerated at the Medical Center for
21 Federal Prisoners in Springfield, Missouri. The events at issue in this action allegedly occurred
22 while plaintiff was housed at the United States Penitentiary in Atwater, California. Plaintiff is
23 seeking money damages pursuant to the Federal Tort Claims Act, which provides a remedy for
24 tortious conduct by federal employees.

25       In addition to the United States, plaintiff has named various individual Bureau of Prisons
26 employees. "The United States is the *only* proper defendant in a [Federal Tort Claims Act] action."
27 Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995) (citing Woods v. United States, 720 F.2d
28 1451, 1452 n.1 (9th Cir. 1983)) (emphasis added). Therefore, it is impermissible for plaintiff to

pursue claims for relief against any of the defendants other than the United States. Plaintiff will be given leave to amend to cure this deficiency.

Further, plaintiff must amend to bring his complaint into compliance with Rule 8(a) of the Federal Rules of Civil Procedure, which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

Plaintiff's complaint is thirty-eight typewritten pages long, and is largely filled with unnecessary argument and immaterial factual details which make it unnecessarily difficult to manage. It is plaintiff's duty to submit a complaint that complies with Rule 8(a). It is not the duty of the court to mine a lengthy pleading for the relevant facts necessary to cobble together plaintiff's claims. In drafting his amended complaint, plaintiff is warned that the amended complaint must comply with Rule 8(a). Plaintiff should clearly and briefly set forth the facts in support of his tort claim and should supply the facts necessary to link the alleged violation of his rights to acts or omissions of the relevant employees. However, plaintiff should not argue and should not set forth a lengthy description of immaterial facts.

C.   Conclusion

Plaintiff's complaint impermissibly names defendants other than the United States, and is not in compliance with Rule 8(a). The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send plaintiff a <u>Bivens</u> complaint form;[1]
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and
4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   February 22, 2007**              /s/ Sandra M. Snyder
icido3                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The court does not have form complaints for Federal Tort Claims Act actions. Plaintiff should simply cross out any inapplicable language on the form complaint and add any necessary language.