# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN VINCENT MACKOVICH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES GOVERNMENT,<br><br>　　　　Defendant.<br>_____/ | CASE NO. 1:06-cv-00422-SMS PC<br><br>ORDER STRIKING DUPLICATIVE OPPOSITION (Doc. 32)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CONTINUANCE OF MOTION TO DISMISS PENDING DISCOVERY, DENYING PLAINTIFF'S MOTION FOR CONSIDERATION OF SURREPLY, AND DENYING PLAINTIFF'S MOTION TO AMEND (Docs. 30 and 34)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DIRECTING CLERK TO ENTER JUDGMENT, AND DENYING DEFENDANT'S MOTION FOR STAY AS MOOT<br><br>(Docs. 28 and 29) |

**Order on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Related Motions**

**I.　Introduction**

　　Plaintiff John Vincent Mackovich ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 1346(b). On October 22, 2007, Defendant United States of America ("Defendant") filed a motion to dismiss for lack of subject matter jurisdiction and a motion to stay discovery. Plaintiff filed an

1

opposition on November 16, 2007, and Defendant filed a reply on November 30, 2007.[1,2] In addition to opposing Defendant's motion, Plaintiff seeks a continuance pending further discovery, seeks consideration of his surreply, which was filed on January 3, 2008, and seeks leave to amend. (Docs. 30, 34.)

## II.     Plaintiff's Motion for Continuance Pending Further Discovery

Plaintiff seeks a continuance pending further discovery. Plaintiff asserts that he "does not possess the discovery materials intrinsic to him proving the Courts [sic] subject matter jurisdiction over this claim . . ," and that the Defendant possesses "intrinsic discoverable evidence . . . ." (Doc. 30, Opp., 1:21-24.) Plaintiff contends that he does not have the necessary affidavits or depositions to prove subject matter jurisdiction because he does not know where eight federal employees and two inmates who possess relevant information have been transferred. (Id., 1:27-2:2.) Plaintiff also contends that he has been prevented from filing a Bivens claim because he does not know the employees' locations and is not able to effect service on them.[3] (Id., 2:3-8.) Plaintiff seeks further discovery so that he may obtain the locations of these employees.

It is appropriate in some instances to allow further discovery on a jurisdictional issue. Laub v. United States Dept. of the Interior, 342 F.3d 1080, 1093 (9th Cir. 2003). Here, however, Plaintiff seeks further discovery not to obtain facts to establish the Court's subject matter jurisdiction over Defendant but to obtain information that will allow him to pursue Bivens claims against the individual employees who violated his rights. In both his original and amended complaints, Plaintiff proceeded solely on a FTCA claim. Plaintiff is entitled to a continuance to conduct discovery only if the discoverable information would help establish the Court's jurisdiction over Defendant on the FTCA claim. Laub, 342 F.3d at 1093. Plaintiff has made no showing that if further discovery were

---

[1] Two identical oppositions were received and filed by the Clerk's Office. (Docs. 30, 32.) The second opposition shall be stricken from the record as duplicative. (Doc. 32.)

[2] Plaintiff's assertion that the reply was untimely is incorrect. Accounting for the exclusion of weekends and holidays, the reply was due on or before November 30, 2007. Fed. R. Civ. P. 6(a).

[3] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971) provides for the imposition of liability on federal employees in their individual capacities for violation of constitutional rights.

allowed, the outcome of the resolution of Defendant's motion to dismiss would be affected. Id. Accordingly, Plaintiff's motion for a continuance to conduct further discovery is denied.

**III.   Plaintiff's Motion for Consideration of Surreply**

Although Plaintiff asserts he is seeking leave to supplement his opposition, Plaintiff's request is one for consideration of his surreply, filed in response to Defendant's reply. (Doc. 34.) In resolving Defendant's motion, it is unnecessary for the Court to consider arguments made in the reply and Plaintiff's motion for consideration of his surreply is therefore denied.

**IV.   Dismissal for Lack of Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). As a result, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests on the party asserting jurisdiction." Id. (citations omitted). Rule 12(b)(1) of the Federal Rules of Civil Procedure permits dismissal for lack of subject matter jurisdiction. In a facial attack such as this, the allegations in Plaintiff's complaint are taken as true and all reasonable inferences are drawn in his favor. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). Further, the complaint must be construed liberally because Plaintiff is proceeding pro se. Id.

"The FTCA is a limited waiver of sovereign immunity, authorizing suit against the United States for tortious performance of governmental functions in limited cases," Bibeau v. Pacific Northwest Research Found., Inc., 339 F.3d 942, 945 (9th Cir. 2003), and the waiver "is strictly construed in favor of the sovereign . . . ," FDIC v. Craft, 157 F.3d 697, 707 (9th Cir. 1998). "If the asserted liability falls within an exception to the FTCA, then the claims must be dismissed for lack of subject matter jurisdiction." Bibeau, 339 F.3d at 945.

At the time his claim accrued, Plaintiff was an inmate housed at the United States Penitentiary-Atwater. Plaintiff's claim arose from an incident which occurred on August 30, 2004, while Plaintiff was engaged in his duties as a vegetable prep lead man. (Doc. 12, Amend. Comp., court record pgs. 2, 9-12.) Plaintiff was directed to make a cucumber salad by Correctional Officer Chavez and was injured when Landanslager, the Assistant Food Administrator, pushed Plaintiff

///

backwards with the door to the walk-in cooler and continued to pin and crush Plaintiff, causing injury. (Id.)

Defendant argues that it is entitled to dismissal of this action because 18 U.S.C. § 4126 provides the exclusive remedy for Plaintiff's injury, thereby precluding Plaintiff's FTCA claim. Plaintiff argues that compensation for his injury is precluded by 28 C.F.R. § 301.301(d) and he is therefore without a remedy under section 4126.

Plaintiff's interpretation of section 301.301(d) is not supported by a reading of the section, which provides in relevant part, "Injuries sustained by inmate workers willfully or with the intent to injure someone else . . . are not compensable . . . ." "[I]f the language of a statute is clear, we look no further than that language in determining the statute's meaning," unless "what seems to be the plain meaning of the statute . . . lead[s] to absurd or impracticable consequences." Seattle-First Nat'l Bank v. Conaway, 98 F.3d 1195, 1197 (9th Cir. 1996) (internal quotations and citations omitted). In this instance, the plain language precludes compensation for inmate workers who are injured through their own willfulness or in the course of intending to injure another. Neither situation is at issue here. Further, denial of compensation based upon willful violation of rules and regulations refers to willful violation by inmates, not to the conduct of the federal employee accused of causing the injury. Neither section cited to by Plaintiff supports his argument that the he has no remedy available.

It is undisputed that Plaintiff's injury arose at work. Although Plaintiff argues that his injury is not otherwise compensable, the law does not support this argument. Section 4126(c) provides for the compensation of injuries suffered by an inmate engaged in an industry or work activity connected to the operation or maintenance of the institution where the inmate is confined. The Ninth Circuit has held that "[w]hen a prisoner is injured on the job, he *cannot* bring an action against the United States under the FTCA for that injury or for negligence by United States agents regarding the treatment of that injury." Vander v. United States Department of Justice, 268 F.3d 661, 664 (9th Cir. 2001) (emphasis added). "The FTCA action is barred by 18 U.S.C. § 4126(c) and the regulations thereunder." Id. Plaintiff's FTCA claim is unequivocally barred and the United States is entitled

///

to dismissal. United States v. Demko, 385 U.S. 149, 154 87 S.Ct. 382 (1966); Vander, 268 F.3d at 664; Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996).

### V. **Plaintiff's Motion Seeking Leave to Amend**

On January 3, 2008, in conjunction with his surreply, Plaintiff filed a motion seeking leave to amend. Plaintiff first seeks leave to amend pursuant to Federal Rule of Civil Procedure 15(b)(2). Rule 15(b)(2) governs amendment during or after trial to include issues tried by the consent of the parties. The rule is not applicable in this context. Plaintiff also cites to Rule 15(c)(2), which applies to amendments which relate back. This rule is also inapposite, as Plaintiff has set forth no proposed amendment which is to relate back.

Plaintiff next reiterates his assertion that Defendant's failure to provide discovery has hindered his ability to file a Bivens claim. Plaintiff seeks further discovery so that he may amend to include a Bivens claim. The Court lacks subject matter jurisdiction and Plaintiff's claim must be dismissed. Plaintiff may not continue pursuit of this action against Defendant so that he may obtain information that will allow him to amend in the future to add new claims or parties.

Plaintiff has set forth no grounds entitling him to amendment and his motion is therefore denied.

### VI. **Order**

For the reasons set forth herein, it is HEREBY ORDERED that:

1. The second, duplicative opposition is STRICKEN from the record (court document 32);
2. Plaintiff's motion for a continuance pending further discovery is DENIED;
3. Plaintiff's motion seeking consideration of his surreply is DENIED;
4. Defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED;
5. Defendant's motion to stay is DENIED as moot;
6. Plaintiff's motion seeking leave to amend is DENIED; and

///
///
///

7. The Clerk of the Court shall enter judgment for Defendant and against Plaintiff, and shall close this file.

IT IS SO ORDERED.

**Dated:   May 13, 2008**                              /s/ Sandra M. Snyder
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE